UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

COREY BRACEY, :
    Plaintiff :
     :
    v. : CIVIL NO. 1:14-CV-2271
     :
HUNTINGDON COUNTY, *et al.*, :
    Defendants. :
     :

*M E M O R A N D U M*

*I.*    *Introduction*

    We are considering Plaintiff's objections to the Report and Recommendation of Magistrate Judge Carlson (Doc. 18), which recommends that we dismiss the amended complaint with respect to Defendant Kurtz and Huntingdon County. Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

*II.*    *Background*

    The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

*III.        Discussion*

    *A. Subject Matter Jurisdiction*

Plaintiff first objects to the magistrate's finding that his claims must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[1] This doctrine holds that "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005). Also barred are "constitutional claims that are 'inextricably intertwined with [a] state court's [judgment] in a judicial proceeding.' Such entwinement occurs when 'federal relief can only be predicated upon a conviction that the state court was wrong.'" Boyce v. Dembe, 47 F. App'x 155, 158 (3d Cir. 2002) (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989)).

---

1. We note that Plaintiff also objects to the magistrate's appointment and handling of dispositive motions in this matter. In doing so, Plaintiff misconstrues 28 U.S.C. § 636(b)(1)(A) and (B) as *prohibiting* a magistrate judge from submitting proposed findings of fact and recommendations for the disposition of motions for injunctive relief or motions to dismiss. (Doc. 19 at 3). In fact, section (B) expressly *authorizes* magistrate judges to submit findings of fact and recommendations on those motions. See 28 U.S.C. § 636(b)(1)(B). Plaintiff's objection on this ground is overruled.

The magistrate judge determined that Plaintiff's claims are subject to dismissal under this doctrine because, by way of his civil rights lawsuit, Plaintiff asks this Court to find that Defendant (Judge) Kurtz erred when he ordered Plaintiff to submit to a Hepatitis blood test.  Plaintiff argues that he is not seeking reversal of Defendant Kurtz's decision.  In fact, Plaintiff reasons that the state court's decision *cannot* be overturned because "[t]he blood was taken and test results released. . . . This order or judgment cannot be modified, reversed, vacated, or otherwise, as any attack to the order itself is moot.  The injury simply cannot be undone." (Doc. 19 at 4).  Rather, Plaintiff asserts that he is seeking prospective relief in the form of an injunction so that in future cases Defendant Kurtz is prohibited from ordering Hepatitis blood tests.  To support his argument, Plaintiff cites Centifanti v. Nix, 865 F.2d 1422 (3d Cir. 1989), which held that *Rooker-Feldman* did not bar a claim for prospective injunctive relief.  In that case, the Plaintiff, an attorney, sought an injunction requiring a Pennsylvania state court to correct alleged constitutional defects in the state's procedural rules for bar admission.  Plaintiff contends that the case at hand is similar, because he does not seek reversal of Defendant Kurtz's order, but rather, seeks to prevent Defendant Kurtz from ordering such testing in the future.

Plaintiff's argument is artful but unpersuasive.  Although Plaintiff is correct that Centifanti held that certain forms of prospective relief are not barred by *Rooker-Feldman*, that holding is limited to situations where the plaintiff is challenging state *rules and procedures*.  See Centifanti, 865 F.2d at 1429 ("In his due process claim, Centifanti

requests a declaratory judgment that 'the rules and procedures for considering petitions for reinstatement of suspended attorneys are unconstitutional.' This would not require the district court to review the state supreme court decision."); see also Boyce v. Dembe, 47 F. App'x at 158 ("Where, however, a litigant makes a general challenge to rules, practices, or procedures stemming from nonjudicial proceedings, e.g., purely administrative procedures, a federal court may acquire subject matter jurisdiction.") In the case at hand, Plaintiff is not challenging a rule or procedure; he is challenging the decision of a state court judge to apply a statute in a particular manner. Specifically, Plaintiff alleges that "there was not enough evidence produced under the HIV Act to warrant HIV testing and the release of the test results, but [Defendant Kurtz] nevertheless ordered such with bias and prejudice towards [*sic*] Plaintiff's constitutional rights." (Doc. 5 at 5). Plaintiff seeks "[i]njunctive relief to enjoin Defendants from continuing to maliciously abuse civil process by either seeking or enabling Hepatitis testing under the HIV Act, testing that is not intended under the HIV Act." (Id.). Accordingly, despite Plaintiff's attempts to characterize his claims as falling under the Centifanti line of cases, they do not. Plaintiff is not challenging state rules and procedures–rather, he is challenging the decision rendered by a particular judge.

Moreover, Plaintiff's federal claims are inextricably intertwined with the merits of the state court decision–another indicator that the claims are barred by *Rooker-Feldman*. To determine whether the claims are "inextricably intertwined" we examine whether "the federal claim succeeds only to the extent that the state court wrongly

decided the issues before it." Centifanti, 865 F.2d at 1430.  Here, the only way that Plaintiff can succeed in his suit is if this Court were to find that the HIV Act does not authorize testing for Hepatitis, as Defendant Kurtz ordered.  Because this claim invites review and rejection of Defendant Kurtz's decision, it is barred by the *Rooker-Feldman* doctrine.  Plaintiff's objections on this point are overruled.

>    *B. Judicial Immunity*

In addition to being barred by *Rooker-Feldman*, the magistrate judge concluded that Plaintiff's claims against Defendant Kurtz and Huntingdon County fail because of judicial immunity.  Plaintiff objects to this conclusion, and argues that immunity does not bar his claims for prospective injunctive relief against Defendant Kurtz.  Plaintiff cites Pulliam v. Allen, 466 U.S. 522 (1984), to support his argument.  In Pulliam, the Supreme Court considered a case in which a Virginia magistrate had imprisoned individuals arrested for non-jailable misdemeanors because they were unable to post bail. Pulliam, 466 U.S. at 525.  Those individuals filed a Section 1983 action against the magistrate, arguing that this practice was unconstitutional, and seeking to enjoin it. Id.  Following a lengthy discussion of the history of judicial immunity at common law, the Court reasoned that judicial immunity should not bar such suits because,

> For the most part, injunctive relief against a judge raises concerns different from those addressed by the protection of judges from damages awards.  The limitations already imposed by the requirements for obtaining equitable relief against any defendant–a showing of an inadequate remedy at law and of a serious risk of irreparable harm . . . severely curtail the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants.

Pulliam, 466 U.S. at 537-38.  However, the Court reaffirmed the importance of the principles of "comity and federalism" and "the need for restraint by federal courts called on to enjoin the actions of state judicial officers."  Id. at 539.  The Court cautioned that, "[f]ederal judges . . . should not sit in constant supervision of the actions of state judicial officers, whatever the scope of authority under § 1983 for issuing an injunction against a judge."  Id.

Accordingly, while Plaintiff has correctly stated the holding of Pulliam, it does not compel us to conclude that Plaintiff's claims against Defendant Kurtz may proceed.  First, we note that Plaintiff does demand relief in the form of compensatory, punitive, and nominal damages against Defendant Kurtz.  (See Doc. 5 at 5).  The law is clear that judicial immunity bars these claims, and in fact, Plaintiff does not object to this conclusion.  Thus, any claims against Defendant Kurtz for damages must be dismissed.  Similarly, as the magistrate judge observed, all claims for damages against Huntingdon County also fail because "the county cannot be held vicariously liable for . . . acts which cannot give rise to direct civil liability . . . ."  (Doc. 18 at 16).

The only remaining claim against Defendant Kurtz is Plaintiff's request for an injunction barring him from ordering Hepatitis blood tests under the HIV Act.  Although Defendant Kurtz may not be protected by judicial immunity on this particular claim, as we discussed at length above, it is nevertheless barred by the *Rooker-Feldman* doctrine and must be dismissed.

### C. The Younger Abstention Doctrine

To the extent that Plaintiff seeks to enjoin any ongoing state proceedings under the HIV Act, the magistrate judge concluded that this claim would be barred by the *Younger* abstention doctrine. Plaintiff insists that, because he seeks only to enjoin future action, this doctrine does not apply. Because the principles already discussed above are dispositive of this case, we will not address this objection.

### IV.     Conclusion

For the reasons stated above, we will adopt the magistrate judge's report, and will dismiss Plaintiff's amended complaint with respect to Defendant Kurtz and Huntingdon County. Leave to amend will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile). We will issue an appropriate order.

 /s/ William W. Caldwell
William W. Caldwell
United States District Judge