UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY,<br>　　　Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 1:14-CV-2271<br>: |
| HUNTINGDON COUNTY, *et al.*,<br>　　　Defendants. | :<br>:<br>: |

*M E M O R A N D U M*

*I.*　　*Introduction*

　　We are considering Plaintiff's objections to the Report and Recommendation of Magistrate Judge Carlson (Doc. 31), which recommends that we dismiss the amended complaint with respect to remaining defendants Adam Park, Travis Anderson, and the Pennsylvania Department of Corrections.  Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

*II.*　　*Background*

　　The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

*III.*     *Discussion*

  *A. Subject Matter Jurisdiction*

Plaintiff first objects to the magistrate's finding that his claims must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. This doctrine holds that "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005). Also barred are "constitutional claims that are 'inextricably intertwined with [a] state court's [judgment] in a judicial proceeding.' Such entwinement occurs when 'federal relief can only be predicated upon a conviction that the state court was wrong.'" Boyce v. Dembe, 47 F. App'x 155, 158 (3d Cir. 2002) (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989)).

The magistrate judge determined that Plaintiff's suit is barred because it invites this Court to find error with the state court's decision ordering Plaintiff to submit to a Hepatitis blood test. Plaintiff argues that *Rooker-Feldman* does not apply because his claims against Defendants are independent from the state court's judgment. We disagree. In his amended complaint, Plaintiff alleges that "Defendants D.O.C., Adam

2

Park, and Travis Anderson maliciously abused civil process in seeking Hepatitis testing . . . using [the] HIV Act for a purpose other than that intended by law." (Doc 5, ¶ 27). Plaintiff seeks "[i]njunctive relief to enjoin Defendants from continuing to maliciously abuse civil process by either seeking or enabling Hepatitis testing under the HIV Act, testing that is not intended under the HIV Act." (Id.).  Accordingly, despite Plaintiff's attempts to characterize his claims as independent from the state court's judgment, they are not.  Plaintiff's federal claims are inextricably intertwined with the merits of the state court decision.  Plaintiff specifically bases his abuse of process claims on the premise that the HIV Act does not authorize testing for Hepatitis.  Accordingly, Plaintiff is asking this Court to determine that the state court erred, and that therefore, Defendants are liable for abuse of process.  Because this claim invites review and rejection of the state court's decision, it is barred by the *Rooker-Feldman* doctrine.  Plaintiff's objections on this point are overruled.

### B. Other Bases for Dismissal

In addition to being barred by *Rooker-Feldman*, the magistrate judge concluded that Plaintiff's claims fail for several other reasons.  Because the principles already discussed above are dispositive of this case, we will not address these arguments or Plaintiff's objections.

IV.        Conclusion

For the reasons stated above, we will adopt the magistrate judge's report, and will dismiss Plaintiff's amended complaint.  Leave to amend will be denied as futile.

3

See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).  We will issue an appropriate order.

                                                          /s/ William W. Caldwell
                                                          William W. Caldwell
                                                          United States District Judge