IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-14-2271 |
| | : (Judge Caldwell) |
| HUNTINGDON COUNTY, et al. | : |
| Defendants | : (Magistrate Judge Carlson) |

*M E M O R A N D U M*

I. *Introduction and Procedural History*

This case is here on remand from the Third Circuit. The pro se plaintiff, Corey Bracey, is currently an inmate at SCI-Greene, Waynesburg, Pennsylvania, but was formerly housed at SCI-Smithfield when the events giving rise to the action arose. Plaintiff was ordered in a state-court civil proceeding to undergo testing for HIV and Hepatitis, which he alleges resulted in the forceable extraction of a blood sample. He filed this civil-rights action under 42 U.S.C. § 1983 making federal and state-law claims challenging the legality of the proceedings. In an amended complaint, he named as defendants Huntingdon County and Stewart L. Kurtz, a judge on the Court of Common Pleas of Huntingdon County. He also named "the DOC Defendants": the Pennsylvania Department of Corrections (DOC); Adam Park, a Smithfield correctional officer; and

Travis S. Anderson, an attorney who represented the DOC and Park in the civil proceedings.

On July 7, 2015, upon the magistrate judge's report and recommendation, we dismissed the claims against Judge Kurtz and Huntingdon County. In the meantime, the DOC Defendants filed a motion to dismiss raising two issues: (1) the statute of limitations; and (2) collateral estoppel, also known as issue preclusion. On July 13, 2015, the magistrate judge filed a report (Doc. 31) asserting that the following grounds, which he raised sua sponte, justified dismissal: (1) the *Rooker-Feldman* doctrine, *see Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008), deprived the court of jurisdiction to entertain the case; (2) the court should abstain from granting any injunctive relief under *Younger v. Harris*, 401 U.S. 37 (1971); (3) the individual defendants are entitled to qualified immunity; and (4) the DOC is entitled to Eleventh Amendment immunity. The magistrate judge also agreed with the DOC Defendants that the case was barred by collateral estoppel but thought it was unnecessary to consider the statute-of-limitations defense since "multiple alternate grounds" justified dismissal of the amended complaint. (Doc. 31, magistrate judge's report at p. 24 n.3).

Plaintiff filed objections to reliance on the *Rooker-Feldman* doctrine, *Younger* abstention, qualified immunity, and to collateral estoppel. He filed no objections to the conclusion that the DOC was entitled to Eleventh Amendment immunity.

On August 6, 2015, we dismissed the claims against the DOC Defendants. We did so on the sole ground that the *Rooker-Feldman* doctrine barred the case. We did not look at the other grounds the magistrate judge discussed.

Plaintiff appealed, but only the order dismissing the claims against the DOC Defendants. The Third Circuit stated that the *Rooker-Feldman* doctrine did not apply and remanded the case so that we could consider the magistrate judge's alternate grounds for dismissal. *See Bracey v. Huntingdon County*, ___ F. App'x ___, ___, 2017 WL 2787619, at *3 (3d Cir. 2017)(nonprecedential). Since the order dismissing Huntingdon County and Judge Kurtz was not appealed, as the Third Circuit recognized, the case now proceeds only against the DOC, Park and Anderson. *Id.* at ___ n.2, 2017 WL 2787619, at *2 n.1.

II. *Standard of Review*

We are reviewing the magistrate judge's July 13, 2015, report to see if any of the remaining grounds require dismissal of the action. In reviewing a magistrate judge's report, the court must conduct a *de novo* review of those portions to which objections are made. *Snyder v. Bender*, 548 F. App'x 767, 770 (3d Cir. 2013) (nonprecedential)(citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); 28 U.S.C. § 636(b)(1)). Where no party has objected, the court needs only review those portions of the report for clear error or manifest injustice. *See Smith v. Lindsey*, No. 13-CV-2914, 2015 WL 136639, at *2 (M.D. Pa. Jan. 7, 2015)(Caldwell, J.). Nonetheless, even where no objections are made, the court can *sua sponte* conduct a *de novo* review of any

-3-

portion of a magistrate judge's report. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985)(explaining that while 28 U.S.C. § 636 "does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

The DOC Defendants' filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). A complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

III. *Background*

In pertinent part, the Amended Complaint alleges as follows. On November 17, 2012, while he was incarcerated at SCI-Smithfield, Plaintiff had a physical confrontation with correctional officers, one of whom was Defendant Park. (Doc. 5, Am. Compl. ¶¶ 8 and 9). Plaintiff received lacerations to his hands and wrists while he was being handcuffed. (*Id.* ¶ 9). Park claimed that he suffered an open puncture wound to his hand. (*Id.* ¶ 10). On November 19, 2012, Smithfield medical personnel asked Plaintiff to consent to HIV and Hepatitis testing, but were evasive and vague about why they wanted the tests. (*Id.* ¶ 11). Plaintiff refused. (*Id.*).

Shortly thereafter, Plaintiff was served with a civil complaint initiated in the Court of Common Pleas of Huntingdon County by the DOC and Park. (*Id.* ¶ 13). The complaint sought blood testing for HIV and Hepatitis under the Confidentiality of HIV-Related Information Act (the HIV Act), 35 Pa. Stat. Ann. §§ 7601-7612, and the release of test results. (*Id.*). The complaint alleged that during the confrontation Plaintiff's blood came into contact with Park's open puncture wound. (*Id.* ¶ 15).

At the hearing held on November 26, 2012, the evidence showed that testing should not be ordered, but Judge Kurtz ordered that Plaintiff's blood be tested for HIV and Hepatitis, even though the Act only applies to HIV. (*Id.* ¶¶ 16-21).

Plaintiff requested a stay of the order so that he could appeal it. The Judge denied a stay. (*Id.* ¶ 22). "Immediately after the hearing Plaintiff was transported back to the institution and strapped down in a restraint chair while his blood was forcefully taken." (*Id.* ¶ 25). The Pennsylvania Commonwealth Court later dismissed Plaintiff's appeal as moot since the tests had already been performed. (*Id.* ¶ 22).

Plaintiff later learned that he was not the only one, that the DOC "frequently maliciously abused civil process by seeking Hepatitis testing under the HIV Act," with Anderson as counsel. (*Id.* ¶ 24). "In fact, [Judge] Kurtz on several occasions always ruled in the Commonwealth's favor in these malicious abuse of civil process[ ]" cases. (*Id.* ¶ 25).

Plaintiff charges that the DOC Defendants "maliciously abused civil process in seeking Hepatitis testing under the HIV Act, using the Act for a purpose other than

-5-

intended by law." 27). Plaintiff avers that the DOC Defendants violated his Fourth Amendment rights in the way they seized his blood sample and his Fourteenth Amendment rights to procedural and substantive due process by their malicious abuse of civil process. He also makes a state-law claim for malicious abuse of process by using the HIV Act for a purpose other than intended by law. (*Id.*).

As relief, Plaintiff seeks a declaratory judgment that the DOC Defendants violated his Fourth and Fourteenth Amendment rights and his rights under the HIV Act. (*Id.* ¶ 30). He also seeks injunctive relief against the Defendants prohibiting them "from continuing to maliciously abuse civil process by either seeking or enabling Hepatitis testing under the HIV Act," testing not intended to be done under the Act. (*Id.* ¶ 31). He also requests damages for the forced sampling and testing of his blood against his will, for the violation of the privacy in his medical records, and for his emotional injuries.

III. *Discussion*

    A. *The Statute of Limitations*

We deal first with an argument the magistrate judge thought was unnecessary to address. Defendants contend the case is barred by the two-year statute of limitations applicable to 42 U.S.C. § 1983 civil rights actions in Pennsylvania. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). In support, they argue the injury occurred on November 26, 2012, the date the order was issued to draw the blood and the date the blood was drawn. Thus, Plaintiff had to bring his action by November 26, 2014.

However, Plaintiff's amended complaint was filed on December 12, 2014, more than two years after the injury.

We reject this argument. Defendants cannot simply rely on the date the amended complaint was filed. We think that is a sufficient rebuttal to their argument. We add that Plaintiff argues that the amended complaint relates back to the original complaint under Fed. R. Civ. P. 15(c) and that under the prison mailbox rule, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013), the original complaint was timely filed. However, we need not address Plaintiff's position as Defendants' argument fails on its own.

### B. *Issue Preclusion (Collateral Estoppel)*

Defendants moved to dismiss the case by arguing that it was barred by issue preclusion, also known as collateral estoppel. They maintained that the same issue Plaintiff raises here had already been adjudicated in the state-court proceedings, that is, that the "appropriateness of the blood draw" had been decided twice in state court, once in the trial court and then again on appeal. (Doc. 22, Br. in Supp. at p. 7). The magistrate judge agreed with this reasoning, that the issue sought to be precluded was the same one involved in the prior action. (Doc. 31, magistrate judge's report at pp. 10-11).

Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court "must give a prior state judgment the same effect as would the adjudicating state." *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). We must therefore look to

Pennsylvania law on preclusion since a Pennsylvania court issued the initial judgment. *Id.*

> Under Pennsylvania law, the following conditions must exist before issue preclusion may be invoked:
>
>   1. The issue decided in the prior adjudication was identical with the one presented in the later action;
>
>   2. There was a final judgment on the merits;
>
>   3. The party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and
>
>   4. The party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action.

*Id.* at 121 (citing *Safeguard Mut. Ins. Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975))(internal quotation marks omitted).

We disagree with Defendants and the magistrate judge that the issue decided in the state-court proceedings is identical to the one Plaintiff seeks to litigate here. As Plaintiff alleges, the issue before the state court was whether under the HIV Act Plaintiff should be required to give blood for testing. (Doc. 32, Pl.'s objections at p. 4). The issue Plaintiff wishes to litigate here is whether Defendants committed an abuse of process by using the HIV Act for a purpose not covered under that law: testing Plaintiff for Hepatitis. As the court stated in *Gregory*, "[r]easonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel." 843 F.2d at 121 (issues not identical when the prior state-court proceeding decided whether the discharge

hearing was politically biased, not whether the plaintiff's discharge was politically motivated).

### C. Younger *Abstention*

The magistrate judge sua sponte decided that the court should abstain from granting the injunctive relief sought in this case under the *Younger* abstention doctrine. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under *Younger,* a district court may abstain from adjudicating a case "when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Miller v. Mitchell,* 598 F.3d 139, 146 (3d Cir. 2010)(quoted case and internal quotations omitted).

The magistrate judge reasoned that *Younger* abstention is appropriate here because it is evident that there were state proceedings in this case and that the other two factors are present as well. We disagree. It is not enough that there *were* state proceedings; there must be ongoing state proceedings. There are no ongoing state proceedings at present, so *Younger* abstention does not apply.

### D. *Qualified Immunity*

The magistrate judge raised the defense of qualified immunity sua sponte, citing *Doe v. Delie*, 257 F.3d 309, 312 (3d Cir. 2001), as authority for doing so. Under the doctrine of qualified immunity, "government officials performing discretionary functions

generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *see also Acierno v. Cloutier,* 40 F.3d 597, 616 (3d Cir. 1994). A two-prong test is used for resolving government officials' qualified immunity claims. First, the facts that plaintiff has alleged must make out a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 815-16, 172 L.Ed.2d 565 (2009)(citing *Saucier v. Katz,* 553 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If they do, then the right at issue must have been clearly established at the time of the defendant's alleged misconduct. *Id.* A court may decide which of these two prongs should be addressed first. *Id.* at 236, 129 S.Ct. at 818.

The magistrate judge stated that Defendants were entitled to qualified immunity because an essential element of a malicious prosecution claim requires the plaintiff to have prevailed in the underlying state-court action. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)(malicious prosecution claim has as an essential element the termination of the underlying criminal proceedings in the plaintiff's favor). Plaintiff did not prevail in the state-court civil proceedings. The magistrate judge thus reasoned that the individual defendants are entitled to qualified immunity because they

-10-

could not have known that successfully seeking "a court order authorizing them to take a blood sample from Bracey to ensure the safety of a correctional officer who had been exposed to Bracey's bodily fluids would somehow violate" a clearly established constitutional right of which a reasonable person would have known. (Doc. 31, magistrate judge's report at pp. 20-21).

Plaintiff counters that he has not made a malicious prosecution claim. Instead, he has made a claim for abuse of process. Unlike a malicious prosecution claim, a claim for abuse of process does not require the plaintiff to have prevailed in the underlying action. Plaintiff cites in part *Adams v. Selhorst*, 449 F. App'x 198, 201 n.2 (3d Cir. 2011)(nonprecedential)("In contrast to a section 1983 claim for malicious prosecution, a section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.")(internal quotation marks and quoted cases omitted). He also asserts that a state-law claim of abuse of process does not require termination of the underlying proceedings in his favor. *See Martin v. Finley*, No. 15-CV-1620, 2017 WL 626752, at \*1 (M.D. Pa. Feb. 15, 2017)(a claim for abuse of process under Pennsylvania law does not require the plaintiff to prove that the underlying action terminated in his favor).

We agree with Plaintiff that since the magistrate judge's recommendation is based on a malicious prosecution claim, the magistrate judge's reasoning on the qualified immunity defense fails, at least at this stage of the litigation. Defendants are free to

-11-

reassert the qualified immunity defense later in these proceedings and also to attack the merits of the abuse-of-process claim.

### E. *The DOC Is Entitled to Dismissal From the Case*

The magistrate judge has also concluded that the DOC is entitled to Eleventh Amendment immunity. We agree. The Eleventh Amendment confers upon the states immunity from suit in federal court. *Lombardo v. Pa. Dept. of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008). Because the DOC is part of the Commonwealth's executive department, it shares in that immunity. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). The state may waive its Eleventh Amendment immunity, but Pennsylvania has not done so. *Id.*

As the magistrate judge also noted, Plaintiff also fails to state a claim against the DOC because the DOC is not person that can be sued within the meaning of section 1983. *Adams v. Hunsberger*, 262 F. App'x 478, 481 (3d Cir. 2008) (nonprecedential)("[T]he Pennsylvania Department of Corrections . . . is not a 'person' within the meaning of 42 U.S.C. § 1983 . . . ."). Nor is a state official acting within his official capacity a person within the meaning of section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The DOC will therefore be dismissed from this action.

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

August 22, 2017

-12-