# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| COREY BRACEY, | : | CIVIL NO. 1:14-CV-2271 |
|---|---|---|
| Plaintiff, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| HUNTINGDON COUNTY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I. Factual Background

The plaintiff, Corey Bracey, a state prisoner, commenced this case by filing a civil complaint on December 1, 2014, (Doc. 1), which he subsequently amended on December 12, 2014. (Doc. 5.) In this amended complaint, Bracey recited that he had been involved in a physical altercation with staff in November 2012, an affray which resulted in exposure of prison staff to Bracey's blood. (Id.) Because of this blood exposure, prison staff sought Bracey's consent to obtain a blood sample from the plaintiff for testing to determine if staff had been exposed to HIV or hepatitis. (Id.) Bracey refused to provide a blood sample, and prison officials went to court to secure an order authorizing them to obtain and disclose this information, a procedure which is expressly authorized by statute. 35 Pa.C.S. §§7601-7611. Following a hearing conducted before Judge Stewart Kurtz of the Court of Common Pleas of

1

Huntingdon County, Bracey was compelled to provide a blood sample for this testing purpose. (Id.)

This legal procedure used to gain important medical information relating to inmate and correctional officer safety and well-being forms the basis of Bracey's amended complaint, which seeks injunctive and declaratory relief along with compensatory and punitive damages. (Id.) In this amended complaint, Bracey sues two correctional officials, alleging abuse of process by these defendants. One of these defendants, Travis Anderson, is an attorney for the Department of Corrections, and Bracey has now filed a motion to compel which seeks to compel further discovery responses to various interrogatories from Anderson. (Doc. 44.) While Bracey has provided us with the defendant's responses to the interrogatories, we do not have the benefit of the interrogatories themselves, which somewhat hampers our analysis. However, it is clear that Bracey's interrogatories pose a series of wide-ranging questions relating generally to Anderson's legal acumen, topics which in our view are far afield from the specific question raised in this lawsuit. Therefore, in the absence of a more fulsome motion, for the reasons set forth below, this motion to compel is DENIED.

## II. Discussion

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding

Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the

3

outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches nonprivileged matter that is relevant to any party's claim or defense. Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. <u>Morrison v. Philadelphia Housing Auth</u>., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." <u>In re Urethane Antitrust Litigation</u>, 261 F.R.D. 570, 573 (D.Kan. 2009).

In our view, this case involves a specific and factually discrete allegation regarding alleged abuse of process on a particular occasion. Bracey has not provided

4

us with his interrogatories or a specific explanation of how what appear to be far-reaching interrogatories have factual relevance here. Without some further and more compelling explanation of the relevance of these interrogatories, we are not prepared to compel Defendant Anderson is address wide-ranging questions relating to tangential topics like bar examination results, unrelated malpractice claims and the like.

### III. Order

AND NOW this 29th day of January, 2018, for the foregoing reasons, the plaintiff's motion to compel is DENIED.

*s/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
