**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY BRACEY,** | : | |
| | | **CIVIL ACTION NO. 1:14-2271** |
| **Plaintiff** | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **HUNTINGDON COUNTY, et al.,** | : | |
| | | |
| **Defendants** | : | |

**MEMORANDUM**

On January 29, 2018, Magistrate Judge Martin C. Carlson's issued a memorandum order (Doc. 48) denying the plaintiff's December 28, 2017 motion (Doc. 44) to compel discovery. In the instant memorandum, we address the plaintiff's appeal (Doc. 49) of Judge Carlson's decision. For the reasons set forth below, we will deny the plaintiff's appeal, and affirm Judge Carlson's memorandum order of January 29, 2018.

*I.    Factual Background and Procedural History*

Judge Carlson summarized the pertinent factual and procedural history of the instant matter as follows:

> The plaintiff, Corey Bracey, a state prisoner, commenced this case by filing a civil complaint on December 1, 2014, (Doc. 1), which he subsequently amended on December 12, 2014. (Doc. 5) In this amended complaint, Bracey recited that he had been involved in a physical altercation with staff in November 2012, an affray which resulted in exposure

of prison staff to Bracey's blood. Because of this blood exposure, prison staff sought Bracey's consent to obtain a blood sample from [him] for testing to determine if staff had been exposed to HIV or hepatitis. Bracey refused to provide a blood sample, and prison officials went to court to secure an order authorizing them to obtain and disclose this information, a procedure which is expressly authorized by statute. 35 Pa.C.S. §§7601-7611. Following a hearing conducted before Judge Stewart Kurtz of the Court of Common Pleas of Huntingdon County, Bracey was compelled to provide a blood sample for this testing purpose.

This legal procedure used to gain important medical information relating to inmate and correctional officer safety and well-being forms the basis of Bracey's amended complaint, which seeks injunctive and declaratory relief along with compensatory and punitive damages. In this amended complaint, Bracey sues two correctional officers, alleging abuse of process by these defendants. One of these defendants, Travis Anderson, is an attorney for the Department of Corrections, and Bracey has now filed a motion to compel which seeks to compel further discovery responses to various interrogatories from Anderson.

(Doc. 48 at 1-2) (some internal citations omitted).

On January 29, 2018, Judge Carlson issued a memorandum order (Doc. 48) regarding the plaintiff's motion to compel further discovery responses from Anderson. From the outset, Judge Carlson noted that "[w]hile Bracey has provided us with [Anderson's] responses to the interrogatories, [he has not provided us with] the interrogatories themselves, which somewhat hampers

- 2 -

our analysis." (Id. at 2). Judge Carlson nonetheless concluded that even without the benefit of the plaintiff's interrogatories, "it is clear [based on Anderson's responses to the interrogatories] that [the plaintiff's] interrogatories pose a series of wide-ranging questions relating generally to Anderson's legal acumen, topics which in our view are far afield from the specific question raised in this lawsuit." (Id.) After a thorough discussion of the law regarding the proper scope of discovery, (see id. at 2-4), Judge Carlson concluded that the plaintiff's motion to compel discovery should be denied. In doing so, Judge Carlson reasoned as follows:

> In our view, this case involves a specific and factually discrete allegation regarding alleged abuse of process on a particular occasion. Bracey has not provided us with his interrogatories or a specific explanation of how what appear to be far-reaching interrogatories have factual relevance here. Without some further and more compelling explanation of the relevance of these interrogatories, we are not prepared to compel Defendant Anderson [to] address wide-ranging questions relating to tangential topics like bar examination results, unrelated malpractice claims and the like.

(Id. at 4-5).

On February 16, 2018, the plaintiff filed an appeal (Doc. 49) of Judge Carlson's decision denying his motion to compel further discovery responses from Anderson. For the reasons set forth below, that appeal will be denied.

- 3 -

*II.     Discussion*

It has been noted that "[t]here is particularly broad deference given to a magistrate judge's discovery rulings." <u>Farmers & Merch. Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J. 1997) (citing <u>Toth v. Alice Pearl, Inc.</u>, 158 F.R.D. 47, 53 (D.N.J. 1994); <u>Republic of Philippines v. Westinghouse Elec. Corp.</u>, 132 F.R.D. 384, 386-87 (D.N.J. 1990), *aff'd*, 949 F.2d 653 (3d Cir. 1991)).  Thus, a district court may only overrule a magistrate judge's decision in a non-dispositive discovery dispute "if the decision is clearly erroneous or contrary to law, or if the Magistrate Judge abused his discretion." <u>Scott Paper Co. v. U.S.</u>, 943 F. Supp. 501, 502 (E.D. Pa. 1996) (citations omitted).  "In making this determination, the Court may consider only the evidence presented to the Magistrate Judge." <u>Id.</u> (citing <u>Haines v. Liggett Grp., Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992).

In his appeal, the plaintiff claims that contrary to what Judge Carlson wrote in his memorandum order, he did in fact provide Judge Carlson with the interrogatories themselves and not just Anderson's responses to the interrogatories. Plaintiff's claim, however, is simply untrue. While the plaintiff has attached the interrogatories as an exhibit to his instant appeal, (<u>see</u> Doc. 49 at 5-6), those interrogatories were *not* presented to Judge Carlson when he

considered and ruled upon the plaintiff's motion to compel. A review of the record clearly reveals that the exhibit attached to the plaintiff's brief in support of his motion to compel consisted merely of Anderson's responses to the interrogatories, and the interrogatories themselves were nowhere to be found. (See Doc. 45-1). Thus, in determining whether Judge Carlson abused his discretion in denying the motion to compel, we may not consider the interrogatories themselves.

Having only been presented with Anderson's responses to the plaintiff's interrogatories, Judge Carlson concluded, based on these responses, that "it is clear that [the plaintiff's] interrogatories pose a series of wide-ranging questions relating generally to Anderson's legal acumen" and that the plaintiff's interrogatories addressed "wide-ranging questions relating to tangential topics like bar examination results, unrelated malpractice claims and the like." (Doc. 48 at 2, 4-5). Having reviewed Anderson's responses, we find that Judge Carlson made an entirely reasonable conclusion as to the nature of the actual interrogatories, and he did not abuse his discretion by determining that the information sought by such interrogatories was not relevant given the nature of the instant action. The plaintiff raises an abuse-of-process claim against Anderson with regard to a particular incident, and as Judge Carlson pointed out, Anderson's broad legal acumen, qualifications,

and professional history are of no relevance to whether Anderson committed abuse of process on the one specific occasion alleged in the plaintiff's complaint.

The plaintiff also argues that the information about Anderson's legal education and background is relevant to the instant matter because Anderson is likely to raise the defense of qualified immunity. However, we do not find this argument to be convincing. According to the Supreme Court, "the doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights *of which a reasonable person would have known.*'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (emphasis added) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The qualified-immunity analysis, therefore, does not contemplate the alleged violator's legal background or education; rather, it merely asks whether a "reasonable person," regardless of legal background, would have known of the clearly established right that he or she allegedly violated. Thus, information regarding Anderson's legal background would bear no relevance to a potential qualified-immunity defense.

*III.    Conclusion*

Because Judge Carlson did not abuse his discretion in denying the plaintiff's motion to compel, the plaintiff's appeal will be denied, and Judge Carlson's memorandum order of January 29, 2018, will be affirmed. An appropriate order will follow.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 2, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2271-01.docx