# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:14-2271 |
| v. | : | (JUDGE MANNION) |
| ADAM PARK and TRAVIS S. ANDERSON, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the defendants' motion for summary judgment, (Doc. 55), be granted as to all federal law claims in this case and any state law claims be dismissed without prejudice. (Doc. 71). The plaintiff has filed objections to Judge Carlson's report, (Doc. 72), to which the defendants have responded, (Doc. 73). Upon review, the report will be adopted in its entirety.

The plaintiff originally filed the instant action on December 1, 2014, (Doc. 1), and amended his complaint on December 12, 2014, (Doc. 5). The plaintiff alleges that he was involved in a physical altercation with prison staff at SCI-Huntington back in November 2012. This altercation resulted in the exposure of defendant Park to the plaintiff's blood. Acting through their counsel, defendant Anderson, SCI-Huntingdon officials sought and received

a court order authorizing them to obtain and disclose the results of a blood sample from the plaintiff to determine whether the plaintiff had been exposed to either HIV or hepatitis which might have posed a risk to defendant Park.

In his amended complaint, the plaintiff brought claims pursuant to 42 U.S.C. §1983 for violations of his Fourth and Fourteenth Amendment rights and a state law claim for malicious abuse of process. A motion to dismiss was filed on behalf of defendants Park and Anderson, as well as the Department of Corrections, ("DOC"), which was originally named as a defendant. A report was prepared which recommended that the motion to dismiss be granted because the plaintiff's claims were barred by the Rooker-Feldman doctrine[1]. The district court adopted the report and closed the case on August 6, 2015.[2]

The plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit which vacated the district court's ruling finding that the Rooker-Feldman doctrine did not bar the plaintiff's malicious abuse of process claims because he did not necessarily seek review or reversal of the state court's decision in his case.

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] This action was originally assigned to the Honorable William W. Caldwell. By verbal order dated February 5, 2018, the matter was reassigned to the undersigned.

On remand, the district court considered the alternative bases for dismissal presented by the defendants. In doing so, the court granted the motion to dismiss with respect to the DOC and denied the motion as to defendants Park and Anderson. After filing an answer to the plaintiff's amended complaint, the defendants filed the pending motion for summary judgment in which they argue that they are entitled to judgment as a matter of law based upon the undisputed facts of the case and, in the alternative, they are entitled to qualified immunity.[3]

Based upon the facts of record, presented in a light most favorable to the plaintiff as the non-moving party, Judge Carlson determined that the plaintiff claimed a protected property interest in his own blood and, as such, was required to show that the deprivation of that interest "shock[ed] the conscience." Judge Carlson determined that the plaintiff had failed to present any evidence of egregious or conscience-shocking behavior on the part of the defendants in seeking a court order to extract a blood sample from him to determine whether he was positive for HIV or hepatitis and, therefore, the defendants are entitled to summary judgment on the plaintiff's substantive due process claim.

---

[3]The defendants further argue that the plaintiff failed to exhaust his administrative remedies. In light of Judge Carlson's recommendation on the other arguments, the exhaustion argument is not addressed.

3

The plaintiff has objected to Judge Carlson's report arguing that he has not asserted a protected property interest in his blood, but has asserted a substantive due process claim based upon "the privacy and confidentiality of his medical records; specifically, his Hepatitis status being divulged against his will and consent."[4] The plaintiff relies upon the case of Doe v. Delie, 257 F.3d 309 (3d Cir. 2001) to support his claim. In Doe, the Third Circuit held that prisoners have a constitutional right to privacy in their medical information. Id. However, the court further explained that prisoners do not have "a right to conceal [medical information] from everyone in the corrections system" as that right is subject to "substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." Id. at 317. The court explained that "an [inmate's] constitutional right may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests,'" and that courts "must respect the administrative concerns underlying a prison regulation, without requiring proof that the regulation is the least restrictive means of

---

[4]It should be noted that the court agrees with the sound reasoning which led Judge Carlson to his conclusion that, to the extent the plaintiff claims a protected property interest in his own blood, he failed to present any evidence of egregious or conscience-shocking behavior on the part of the defendants in seeking a court order to extract a blood sample to determine whether he was positive for HIV or hepatitis. As such, the court adopts Judge Carlson's report, in this respect, in its entirety.

4

addressing those concerns." Id. (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). See also Ryder v. Bartholomew, 715 Fed.App'x 144, 153 (3d Cir. 2017) ("In Doe v. Delie . . . we held that under the Fourteenth Amendment a 'constitutional right to privacy in one's medical information exists in prison,' though it 'may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" (citations omitted)). In Delie, the court did not address whether there were legitimate penological interests demonstrated in that case finding that the record had not been properly developed on the issue. The court determined, however, that the defendants were entitled to qualified immunity. To this extent, the court stated that "the contours of defendants' legal obligations under the Constitution were not sufficiently clear in 1995 that a reasonable prison official would understand that the non-consensual disclosure of a prisoner's HIV status violates the Constitution." Delie, 257 F.3d at 322. Subsequently, in Smith v. Hyman, 489 Fed.App'x 544 (3d Cir. 2012), the Third Circuit found that it "was aware of no case law . . . that would suggest that the conduct of the defendants, in light of their attempts to avoid disclosure, violated a clearly established constitutional right, and [Delie] did not establish any such rule with obvious clarity." As noted by the Eastern District of Pennsylvania, "[s]ubsequent cases have done little to fill in the gaps left by Delie and define

5

the parameters of a prisoner's right to privacy in his medical information." Jefferson v. Husain, 2016 WL 1255731, at *15 (E.D. Pa. Mar. 31, 2016). See also Illes v. Kcomt, 2014 WL 297352, at **2-3 (M.D. Pa. Jan, 27, 2014) (granting qualified immunity where the plaintiff alleged that counseling sessions were conducted at his cell door, rather than in a private room, and finding that the parameters of the right had not been so clearly established that the defendant would have known that his actions constituted a constitutional violation). Thus, as found by Judge Carlson, albeit on the property interest claim, this court finds that the defendants are entitled to qualified immunity on the medical privacy claim, as the contours of a prisoner's right to privacy in his medical records have not yet been made sufficiently clear.[5]

Taking the plaintiff's objections out of order, he also challenges Judge Carlson's report to the extent that it recommends that the defendants be granted summary judgment on the plaintiff's procedural due process claims. Here, the plaintiff provides that he agrees with the standard for procedural due process set forth by Judge Carlson, but argues that he "was not provided

---

[5]The plaintiff also raises an issue with respect to Judge Carlson's discussion of Pa.R.Civ.P. 1531 in relation to the substantive due process claim. Because the court has found that the defendants' are entitled to qualified immunity with respect to this claim, the court need not address this argument.

6

with the basic pillars of due process in the state court."

Upon review, Judge Carlson found, based upon the evidence of record, that the plaintiff was given a hearing before a Judge on the defendants' petition. At the hearing, the plaintiff was permitted to cross-examine the DOC's witnesses and to object to any materials entered into evidence. Moreover, the plaintiff had the opportunity to testify on his own behalf. Given the holdings of other courts, which have determined that only limited due process protections are required before the involuntary extraction of blood, see Esnault v. Burnett, 83 Fed.App'x 279, 283 (10th Cir. 2003) (no hearing required before the involuntary extraction of blood); Williams v. Dep't of Rehab. & Correction, 3 Fed.App'x 415, 47 (6th Cir. 2001) (taking of blood sample not entitled to extensive due process protections), Judge Carlson found that the process afforded the plaintiff was sufficient to satisfy constitutional due process requirements. This court agrees and will, therefore, adopt Judge Carlson's report which recommends that the defendants be granted summary judgment on the plaintiff's procedural due process claim.

The plaintiff next challenges Judge Carlson's consideration of his abuse of process claim arguing that Judge Carlson improperly considered the "legitimate aim of [the defendants'] civil action" to compel the plaintiff to undergo testing for HIV and hepatitis, as opposed to what the "legitimate use"

of the process authorizes. The plaintiff argues that because the HIV Act only compels the testing and release of results for HIV, the defendants improperly used the process to test for and release the results for hepatitis.

The plaintiff raised this same substantive issue, i.e., that the defendants improperly used the HIV Act as a vehicle to also obtain hepatitis testing, before Judge Carlson. Upon review, Judge Carlson properly set forth the standard for considering an abuse of process claim, providing that "[t]o establish a claim for malicious abuse of process, a plaintiff must show '(1) the defendant has set legal process in motion for an improper ulterior purpose, and (2) the defendant has committed a willful act in the use of process which perverts the regular conduct of the proceeding to accomplish the improper purpose.'" Dunne v. Twp. of Springfield, 2011 WL 2269963, at *8 (D.N.J. Jan. 31, 2011) (quotation omitted). Based upon the evidence of record, Judge Carlson determined that the defendants were entitled to summary judgment with respect to the merits of the plaintiff's claim because the plaintiff had failed to provide evidence of an ulterior motive or further acts after legal process was initiated. The court finds no error with the sound reasoning which led Judge Carlson to this conclusion. The court will therefore adopt the report of Judge Carlson in this respect.

Finally, the plaintiff challenges Judge Carlson's determination that the

defendants are entitled to qualified immunity with respect to the plaintiff's federal claims. Here, the plaintiff argues that Judge Carlson misunderstood the interplay between state and federal law in finding that the defendants are entitled to qualified immunity. Upon review of Judge Carlson's report, the court agrees with Judge Carlson's conclusion that the defendants, in addition to being entitled to summary judgment on the merits of the plaintiff's claims, are also entitled to qualified immunity. The court will therefore also adopt this portion of Judge Carlson's report.

An appropriate order shall issue.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  September 19, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2271-01wp.wpd